### Richmond
ALEX RANDALL WALKER

v.

COMMONWEALTH OF VIRGINIA

No. 1563-89-2

Decided April 30, 1991

COUNSEL

Russell C. Williams (Kimberly B. O'Donnell, on brief), for appellant.

Leah Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLE, J.**—The defendant, Alex Randall Walker, was convicted of sexual battery in violation of Code § 18.2-67.4. The sole issue on appeal is whether the evidence was sufficient to support this conviction. Finding that it is, we affirm.

In January 1989, seven-year-old Lakeisha Stokes was living with her mother, Juanita Stokes, and her mother's boyfriend, the defendant. Ms. Stokes had given the defendant permission to dis-

cipline Lakeisha. Sometime between December 15, 1988 and February 2, 1989, Ms. Stokes and the defendant learned that Lakeisha and some little boys in the neighborhood were "touching each other." On the first occasion, the defendant gave Lakeisha a warning. On the second occasion, Ms. Stokes, Lakeisha and the defendant were at Ms. Stokes' sister's home when they learned of Lakeisha's actions. The defendant told Ms. Stokes that he would take Lakeisha home and discipline her. Ms. Stokes remained at her sister's home.

Upon reaching the apartment, the defendant, as was his usual practice, asked Lakeisha whether she wanted a beating or to be confined to the house as punishment. Lakeisha chose the spanking and pulled her pants down in order to receive the spanking. Lakeisha testified that the defendant asked her if her pants were wet and about what happened with the boys. He then "put his finger in [her] privacy." At this point, someone knocked on the apartment door. The defendant sent Lakeisha to her room and Lakeisha received a spanking the next day.

Ms. Stokes testified that on a previous occasion, in December 1988, she found the defendant in Lakeisha's room at 4:00 a.m. wearing only a robe. The front part of the robe was open and Lakeisha was "sitting on top of his privates."

In a statement to police, the defendant admitted that he ordered Lakeisha to remove her clothes. He claimed that, when she did so, he noticed that her underwear was wet. Therefore, he "checked" her by ordering her to spread her legs. The defendant admitted that he could have touched her, but that he could not see any "wetness" without pulling open her vagina.

The defendant was tried on an indictment which alleged:

From on or about December 15, 1988, through on or about February 2, 1989, in the City of Richmond, Alex Randall Walker did feloniously and unlawfully commit aggravated sexual battery by sexually abusing, Lakeisha Stokes age 7, against her will, by force, threat or intimidation, or through the use of the said Lakeisha Stokes' mental incapacity or physical helplessness, thereby causing serious bodily or mental injury to the said Lakeisha Stokes. Virginia Code § 18.2-67.3(A)(2).

At the close of all the evidence and after argument of counsel, the trial judge asked defense counsel whether the defendant "may be not guilty of felony, but the misdemeanor." Defense counsel stated, "I don't think the intent is there for either one. Obviously, if the court is going to convict him of something we would prefer a misdemeanor, but either way there is no criminal intent involved." The trial court stated, "I don't think it's a case of aggravated sexual battery" and, instead, found the defendant guilty of sexual battery.

On appeal, the defendant asserts that there was insufficient evidence to convict him of sexual battery. He argues that, in order to prove aggravated sexual battery under Code § 18.2-67.3(A)(1), the Commonwealth must prove that: (1) he sexually abused Lakeisha; and (2) that she was less than thirteen years of age. In finding the defendant not guilty of aggravated sexual battery, the court necessarily found that he did not sexually abuse Lakeisha because the evidence showed she was seven years old. If he did not sexually abuse Lakeisha, he could not be found guilty under Code § 18.2-67.4 of sexual battery because that section requires that the defendant sexually abuse the complaining witness. The defendant argues that this finding is supported by his claim that he was only checking Lakeisha because of the complaints that she and the little boys had been "touching each other." These complaints were verified by both Ms. Stokes and Lakeisha. The defendant also contends that sexual battery is not a lesser included offense because under Code § 18.2-67.4 the Commonwealth must prove that the abuse is "against the will of the complaining witness, by force, threat or intimidation, or through the use of the complaining witness's mental incapacity or physical helplessness." This is not required under Code § 18.2-67.3(A)(1). *See Kauffmann v. Commonwealth*, 8 Va. App. 400, 382 S.E.2d 279 (1989); *Johnson v. Commonwealth*, 5 Va. App. 529, 365 S.E.2d 237 (1988).

The Commonwealth argues that there was sufficient evidence based on Lakeisha's testimony, the defendant's statement to police, and Ms. Stokes' testimony concerning the previous incidents. The Commonwealth asserts that under Rule 5A:18 the defendant cannot argue for the first time that sexual battery is not a lesser included offense and that, in any event, the defendant invited error by stating that he would prefer the misdemeanor.

■ Before deciding whether the evidence was sufficient to convict the defendant of sexual battery, we must first decide whether this conviction was proper under the indictment. "The purpose of an indictment is to give the accused notice of the nature and character of the offense charged." *Cantwell v. Commonwealth*, 2 Va. App. 606, 608, 347 S.E.2d 523, 524 (1986). Code § 19.2-220 states:

> The indictment or information shall be a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date.

"Notice to the accused of the offense charged against him is the rockbed requirement which insures the accused a fair and impartial trial on the merits." *Hairston v. Commonwealth*, 2 Va. App. 211, 214, 343 S.E.2d 355, 357 (1986). "An accused has the right to be clearly informed of the charge he faces." *Williams v. Commonwealth*, 8 Va. App. 336, 341, 381 S.E.2d 361, 364 (1989) (citing Va. Const. art. I, § 8).

■ Code § 18.2-67.3 provides:

> Aggravated sexual battery. A. An accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and
>
> 1. The complaining witness is less than thirteen years of age, or
>
> 2. The act is accomplished against the will of the complaining witness, by force, threat or intimidation, or through the use of the complaining witness's mental incapacity or physical helplessness, and
>
>     a. The complaining witness is at least thirteen but less than fifteen years of age, or
>
>     b. The accused causes serious bodily or mental injury to the complaining witness, or
>
>     c. The accused uses or threatens to use a dangerous weapon.

Code § 18.2-67.4 provides:

Sexual battery. A. An accused shall be guilty of sexual battery if he or she sexually abuses the complaining witness against the will of the complaining witness, by force, threat or intimidation, or through the use of the complaining witness's mental incapacity or physical helplessness.

"[T]he factors that elevate the criminal act from the misdemeanor to the felony are the specific age of the victim, serious bodily or mental injury, or the use or threat of use of a dangerous weapon." *Johnson*, 5 Va. App. at 533, 365 S.E.2d at 239.

The defendant's argument is premised on the assumption that he was tried under Code § 18.2-67.3(A)(1). However, a close reading of the indictment reveals that it charged the defendant under Code § 18.2-67.3(A)(2)(b). For whatever reason, the defendant was not charged under subsection (A)(1) dealing with children under thirteen. If he had been, no showing of force or bodily or mental injury would have been required. *Johnson*, 5 Va. App. at 533, 365 S.E.2d at 240. Also, the age of the complaining witness would have been a relevant consideration.

■ As a general rule, a defendant cannot be charged in one count with two or more independent offenses. The reason for the rule is to prevent confusion, multiplication of issues, and prejudice to the defendant. *See Webb v. Commonwealth*, 204 Va. 24, 32, 129 S.E.2d 22, 28 (1963); R. Bacigal, *Virginia Criminal Procedure* § 13-6 (2d ed. 1989); 9B Michie's Jurisprudence *Indictments, Informations and Presentments* §§ 38-39 (1984). However, a person indicted of a felony may be convicted of any offense which is "substantially charged in the indictment, whether it be felony or misdemeanor." Code § 19.2-285.

An accused can be acquitted of the greater offense charged in the indictment and at the same trial convicted of lesser offenses if the lesser offenses "be substantially charged in the indictment." But an indictment charging a greater offense can be considered as also charging only those lesser offenses the elements of which are elements of the greater offense, and the accused can be convicted under the indictment only of the greater offense or of such lesser offenses.

*Ashby v. Commonwealth*, 208 Va. 443, 444-45, 158 S.E.2d 657, 658 (1968), *cert. denied*, 393 U.S. 1111 (1969) (citations

omitted).

The defendant asserts that in this case sexual battery is not a lesser included offense, relying on *Kauffmann v. Commonwealth*, 8 Va. App. 400, 382 S.E.2d 279 (1989). In *Kauffmann*, the defendant was convicted of aggravated sexual battery and appealed, claiming, among other things, that the trial court improperly denied an instruction on sexual battery. The court stated:

> The difference between aggravated sexual battery and sexual battery is the age of the victim. Sexual abuse of a child at least thirteen but less than fifteen years of age when against the will of the victim by force, threat or intimidation is, by definition, aggravated sexual battery. Since the evidence would not support a finding that [the victim] was not between thirteen and fifteen years of age, it being uncontradicted that she was fourteen, a sexual battery instruction would have been inappropriate *in this case.*

*Id.* at 409, 382 S.E.2d at 284 (citations omitted) (emphasis added). The court did not conclude that sexual battery, unlike contributing to the delinquency of a minor, could never be the subject of an instruction as a lesser included offense. *See id.*

■ In *Kauffmann*, the court was undoubtedly considering Code § 18.2-67.3(A)(2)(a). In the present case, the indictment was based on subsection (A)(2)(b), which required a showing that the defendant: (1) sexually abused the complaining witness; (2) against the will of the complaining witness; (3) by force, threat or intimidation or through the use of the complaining witness's mental incapacity or physical helplessness; and (4) the accused caused serious bodily or mental injury to the complaining witness. The misdemeanor of sexual battery consists of the first three of these elements. Code § 18.2-67.4. *In this case*, sexual battery "is an offense which is composed entirely of elements that are also elements of the greater offense." 8 Va. App. at 409, 382 S.E.2d at 283. By listing these factors in the indictment, sexual battery was "substantially charged." Therefore, the indictment was broad enough to warrant a conviction of the lesser crime.

■ On the merits, the defendant's sole argument at trial was that any touching was not done with the requisite intent. Therefore, our examination will be limited to this issue under Rule 5A:18. Code § 18.2-67.10 provides:

"Sexual abuse" means an act committed *with the intent to sexually molest, arouse, or gratify* any person, where:

(a) The accused intentionally touches the complaining witness's intimate parts or clothing covering such intimate parts.

(emphasis added).

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citing Code § 8.01-680).

The trial court found that the defendant touched Lakeisha with the requisite intent. "Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case. The state of mind of an alleged offender may be shown by his acts and conduct." *David v. Commonwealth*, 2 Va. App. 1, 3, 340 S.E.2d 576, 577 (1986).

The court, acting as the finder of fact in this case, was not required to accept the defendant's explanation given to police that he was merely "checking" Lakeisha in pursuit of his "parental" duties. *See Barker v. Commonwealth*, 230 Va. 370, 373, 337 S.E.2d 729, 732 (1985). The defendant's own statement admits that some touching took place. This touching occurred while the defendant was alone with Lakeisha and was interrupted only by the fortuitous appearance of someone at the door. Ms. Stokes and Lakeisha both testified concerning the previous incident when, in the middle of the night, Ms. Stokes found the defendant wearing only an open robe with Lakeisha seated "on his privates." We, therefore, find that sufficient evidence supports the verdict.

*Affirmed.*

Barrow, J., and Willis, J., concurred.