COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


JOHN A. HENDRIX

MEMORANDUM OPINION[*] BY
v.          Record No. 0625-96-1          JUDGE RICHARD S. BRAY
                                          MARCH 18, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Von L. Piersall, Jr., Judge

Brenda C. Spry, Deputy Public Defender
(Office of the Public Defender, on brief),
for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


        John A. Hendrix (defendant) was indicted for grand larceny
pursuant to Code § 18.2-95 and convicted in a bench trial for
larceny of a firearm in violation of Code § 18.2-108.1(1).  On
appeal, he contends that the trial judge erroneously ruled that
Code § 18.2-108.1(1) was a lesser included offense of Code
§ 18.2-95.  We agree and reverse the conviction.

        The parties are fully conversant with the record, and this
memorandum opinion recites only those facts necessary to a
disposition of the appeal.

        The subject indictment charged defendant with larceny of
property "having a value of $200.00 or more, . . . [i]n violation
of § 18.2-95," and the evidence established the theft of three

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

pistols and a "pellet gun."  At the conclusion of the Commonwealth's case, defendant moved to strike, arguing that the evidence failed to prove the requisite value of the stolen property.  Relying upon the proscriptions of Code § 18.2-108.1, the prosecutor countered that, irrespective of value, the crime "would be still be grand larceny except it would be Class Six as opposed to the other class of grand larceny."  The court "sustain[ed] [defendant's] motion as to the charge of grand larceny [under Code § 18.2-95] but . . . allow[ed] the case to go forward" on larceny of a firearm in violation of Code § 18.2-108.1.  Defendant objected, reminding the court that he had been indicted under Code § 18.2-95, not § 18.2-108.1.  The court, however, ruled that Code § 18.2-108.1 was a lesser included offense of Code § 18.2-95.

On appeal, the Commonwealth concedes, quite correctly, that Code § 18.2-108.1(1) is not a lesser included offense of Code § 18.2-95.  It urges instead that the trial judge implicitly amended the indictment to charge a violation of Code § 18.2-108.1(1).

An indictment is "a written accusation of a crime . . . intended to inform the accused of the nature and cause of the accusation against him.  Notice to the accused of the offense charged against him assures the accused a fair and impartial trial on the merits."  Marlowe v. Commonwealth, 2 Va. App. 619, 625, 347 S.E.2d 167, 171 (1986) (citation omitted); see Va.

Const. art. I, § 8; Code § 19.2-220; Rule 3A:6(a). "'The accused cannot be convicted unless the evidence brings him within the offense charged in [the] indictment. . . . [T]he indictment must charge [either] the very offense for which a conviction is asked,'" Williams v. Commonwealth, 8 Va. App. 336, 341, 381 S.E.2d 361, 364 (1989) (quoting Mitchell v. Commonwealth, 141 Va. 541, 553, 127 S.E. 368, 372 (1925)), or a lesser included offense. See Walker v. Commonwealth, 12 Va. App. 438, 443-44, 404 S.E.2d 394, 396 (1991) (citing Ashby v. Commonwealth, 208 Va. 443, 444-45, 158 S.E.2d 657, 658 (1968), cert. denied, 393 U.S. 1111 (1969)). These same principles apply to an amended indictment. See Willis v. Commonwealth, 10 Va. App. 430, 437-38, 393 S.E.2d 405, 408-09 (1990).

Code § 19.2-231 permits an amendment to an indictment "in two instances: where there is a defect in form, or where there is a variance between the allegations and the evidence, provided the amendment does not change the nature or character of the offense charged." Willis, 10 Va. App. at 437, 393 S.E.2d at 408. Such amendment may occur "at any time before the verdict is returned or a finding of guilt is made," Cantwell v. Commonwealth, 2 Va. App. 606, 608, 347 S.E.2d 523, 524 (1986), whereupon "the accused shall be arraigned on the [amended] indictment [and] . . . allowed to plead anew thereto, if he so desires." Code § 19.2-231. If the trial court finds that the amendment operates as a surprise to the accused, "[the accused]

shall be entitled, upon request, to a continuance of the case for a reasonable time." Willis, 10 Va. App. at 438, 393 S.E.2d at 409; see Crawford v. Commonwealth, 23 Va. App. 661, 479 S.E.2d 84 (1996) (en banc).

Here, the trial judge concluded that the Commonwealth's evidence did not sufficiently establish the requisite elements of the offense at indictment. Assuming, without deciding, that an amendment of such indictment to charge an offense consistent with the evidence would have then been appropriate, no amendment, implicit or otherwise, is reflected in the record. Neither the prosecutor nor the trial court made mention of amendment, and defendant was not re-arraigned, with an attendant opportunity to "plead anew" pursuant to Code § 19.2-231. Instead, the court proceeded to conviction upon the incorrect theory that Code § 18.2-108.1(1) was a lesser included offense of Code § 18.2-95.

Accordingly, we reverse the conviction.

Reversed and dismissed.