COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Bray
Argued at Richmond, Virginia


BASZO RANDOLPH GOODE
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1125-00-2          JUDGE RICHARD S. BRAY
                                         MAY 8, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
              Benjamin A. Williams, Jr., Judge Designate

            John N. Clifford (Clifford & Duke, P.C., on
            briefs), for appellant.

            Susan M. Harris, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Baszo Randolph Goode (defendant) was convicted in a bench

trial of aggravated sexual battery of a minor, a violation of Code

§ 18.2-67.3.  On appeal, defendant challenges the sufficiency of

the evidence to support the conviction.  Finding no error, we

affirm the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

─────────────────────

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

In reviewing the sufficiency of the evidence, we consider the record, "in the light most favorable to the Commonwealth, giving it all reasonable inferences fairly deducible therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (citation omitted).  The credibility of the witnesses, the weight accorded testimony, and the inferences drawn from proven facts are matters to be determined by the fact finder. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  Thus, a "child's testimony alone, if believed by the [fact finder], [is] sufficient to support [the instant] conviction, even in the absence of corroborating physical or testimonial evidence."  Love v. Commonwealth, 18 Va. App. 84, 90, 441 S.E.2d 709, 713 (1994) (citations omitted).  The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by the evidence.  See Code § 8.01-680.

The instant record discloses that K.J., age eight, was overnighting for a weekend with her friend, B., and B.'s mother at the residence of defendant's sister.  During the first evening, K.J. and B. shared a bedroom in the "big house," without incident.  However, on the second night, K.J., B., and B.'s mother, joined by defendant, slept in the nearby "pool house," "one big room" and a bathroom, "very small."  The children, K.J. and B., occupied the only bed, and B.'s mother and defendant, both of whom had been

-

"drinking" earlier in the evening, slept on the floor "beside" K.J.

K.J. testified she was awakened by defendant "touching [her] on [her] privates," "underneath" her shorts, with "his hand" and "underneath [her] leg" with "his tongue." K.J. acknowledged that her "private parts" were located "between [her] legs." When K.J. directed defendant, "stop," he "moved his hand," returned to "the floor" and she "went back to sleep." Although K.J. did not report the incident to B.'s mother, she told her mother, upon return home, "that she had been touched by defendant," resulting in the instant prosecution, conviction and appeal.

## II.

Code § 18.2-67.3 provides, in pertinent part: "An accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and . . . [t]he complaining witness is less than thirteen years of age . . . ." To prove a violation, the Commonwealth must establish that defendant "intentionally touche[d] the complaining witness's intimate parts or clothing covering such intimate parts[,]" "with the intent to sexually molest, arouse, or gratify." Code § 18.2-67.10(6). "'Intimate parts' means the genitalia, anus, groin, breast, buttocks of any person." Code § 18.2-67.10(2).

In challenging the sufficiency of the evidence, defendant advances three arguments. First, he contends K.J.'s testimonial reference to "privates" was insufficient to prove the requisite

-

touching of the "genitalia, anus, groin, breast, [or] buttocks." However, we have recognized that "[i]t cannot be expected that children will know enough to use the word 'vagina,' nor is such specificity required. It is enough if the trier of fact can reasonably infer from the evidence adduced where the [touching] took place." Kehinde v. Commonwealth, 1 Va. App. 342, 346, 338 S.E.2d 356, 358 (1986). K.J. defined "privates" as "the area between [her] legs," and the court, therefore, reasonably inferred that defendant touched an "intimate part" of the child's body, as contemplated by the statute.

Defendant next asserts the evidence failed to establish he touched K.J. with the requisite intent. "'Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case. The state of mind of an alleged offender may be shown by his acts and conduct.'" Walker v. Commonwealth, 12 Va. App. 438, 445, 404 S.E.2d 394, 397 (1991) (citation omitted). Defendant touched the intimate parts of K.J.'s body with his hand and "underneath" her leg with his tongue, as she and others slept in a darkened room. He acted deliberately, with stealth and singular purpose. Such evidence is clearly sufficient to support a finding that defendant then intended to "sexually molest, arouse, or gratify" in violation of Code § 18.2-67.3.

-

Finally, defendant characterizes K.J.'s testimony as incredible, relying upon differences in her trial and preliminary hearing testimony.

> In testing the credibility and weight to be ascribed to the evidence, we must give trial courts and juries the wide discretion to which a living record, as distinguished from a printed record, logically entitles them. The living record contains many guideposts to the truth which are not in the printed record; not having seen them ourselves, we should give great weight to the conclusions of those who have seen and heard them.

Lockhart v. Commonwealth, 34 Va. App. 329, 342, 542 S.E.2d 1, 7 (2001) (citations omitted).  The trial court, as fact finder, assessed K.J.'s credibility, including her inconsistent testimony, accepted her evidence and convicted defendant.  Under such circumstances, the record does not support a finding on appeal that the court was plainly wrong.

Accordingly, we affirm the conviction.

Affirmed.

-