UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, O'Brien and AtLee
Argued at Fredericksburg, Virginia


JOSEPH FRANCIS ROSANA

MEMORANDUM OPINION* BY
v.      Record No. 1656-17-4        JUDGE MARY GRACE O'BRIEN
OCTOBER 30, 2018
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Stephen E. Sincavage, Judge

Jonathan P. Sheldon (Lauren LeBourgeois; Sheldon, Flood &
Haywood, PLC, on briefs), for appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


A jury convicted Joseph Francis Rosana ("appellant") of committing sexual battery against

more than one complaining witness, in violation of Code § 18.2-67.4(A)(ii).  On appeal, appellant

contends that the Commonwealth's evidence was insufficient to prove certain elements of the

offense.  He asserts the following assignments of error:

1.   The trial court erred by denying Dr. Rosana's renewed motion
to strike and ruling there was sufficient evidence of force under
Virginia Code § 18.2-67.10(6)(b) to constitute sexual abuse of
complaining witness [E.L.] [1] because there was no evidence
[E.L.'s] will was overcome or that more force was used than
necessary to accomplish the touching.

2.   The trial court erred by denying Dr. Rosana's motion to strike
the evidence on the issue of whether there was sufficient
evidence of the specific intent to sexually arouse, molest, or
gratify under Virginia Code § 18.2-67.10(6) as applied to
complaining witnesses [J.E.] and [E.L.].

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We identify the victims by initials to protect their privacy.

BACKGROUND

We review the evidence in the light most favorable to the Commonwealth, the prevailing party at trial. Brown v. Commonwealth, 278 Va. 523, 527, 685 S.E.2d 43, 45 (2009). The Commonwealth's evidence included testimony from three women regarding conduct by appellant, a licensed optometrist, during eye exams in 2016. On April 4, 2016, appellant performed an eye exam on J.E. at a Visionworks office in Leesburg, Virginia. Following a glaucoma test, J.E. stood facing the machine. Appellant came up behind her, "placed his hand on [her] left flank and down onto [her] left buttock" for a few seconds and then turned her to face the eye chart. J.E. testified that although appellant's contact made her uncomfortable, she did not say anything because she thought the touching might have been a mistake. Some months later, after she saw a social media post containing a police report about appellant's interaction with other women, she contacted the investigating detective to report the incident.

On May 11, 2016, appellant conducted an eye exam on E.L. at Visionworks. As E.L. was sitting with the lens apparatus in front of her face, appellant moved his rolling chair until his inner left thigh leaned against the outside of E.L.'s right leg. He continued moving forward until E.L.'s knee was touching his groin and remained in that position during the entire six-minute eye exam. Appellant occasionally adjusted his chair during the exam, which caused his leg to rub against E.L.'s leg. E.L., who was forty-six, had been receiving eye exams since she was sixteen and testified that she had never experienced a doctor position himself in that manner. E.L. did not immediately report the incident because she felt "very uncomfortable" and "wanted to get out of there really quick." E.L. contacted the police after her husband saw a newspaper article about appellant.

D.E. received an eye exam from appellant on or about August 24, 2016. As D.E. was standing and looking into an examination apparatus in front of her eyes, appellant stood behind her.

- 2 -

D.E. felt him "thrust" his pelvis, touching her one time. Appellant walked around to face D.E. and, while he adjusted the lenses on the apparatus, she felt him press his palm, facing up, against her vaginal area. D.E. looked down and saw appellant's hand pressing her vagina on the outside of her pants. She testified that she did not say anything because she could not believe "this [was] really happening."

Appellant directed D.E. to sit in a chair for another exam, during which she felt appellant "brush" her right breast. When she recoiled, appellant asked her why she moved, and she responded that she felt him touch her inappropriately. Appellant told D.E. that he had not touched her and she was just feeling the air conditioning. D.E. then sat with her arms across herself to "block" herself from appellant. She testified that appellant told her she was beautiful and, while fitting lenses on her eyes, he thrust his pelvis into her again. Immediately upon leaving the office, D.E. reported the incident to the police and to the Visionworks corporate office.

At trial, appellant presented testimony from Dr. Vivian Nguyen, an expert in the field of optometry and eye exams. Dr. Nguyen identified the equipment displayed in photographs of the Visionworks office, and she explained the purpose and operation of each machine. She testified that it was "impossible" for an optometrist's groin to be touching a patient's knee for an extended period of time during a routine eye exam. She stated, "There is no need to be touching the patient whatsoever, at any point; and if we do, we would advise the patient what we're about to do."

Appellant testified that he had conducted between 25,000 and 30,000 eye exams during the ten years he had been practicing optometry. He described a normal eye exam and explained his physical positioning during each step of the process. Appellant agreed that during an eye exam, there was no reason for physical contact as described by the witnesses, and he denied ever touching the women inappropriately.

ANALYSIS

Appellant challenges the court's denial of his motions to strike the Commonwealth's evidence. He argues that the Commonwealth failed to prove the elements of intent with respect to J.E. and E.L and force with respect to E.L., as required by Code § 18.2-67.10(6)(b).

A. Sufficiency of the Evidence to Prove Intent

Appellant argues that in the cases involving J.E. and E.L., the Commonwealth did not establish the requisite intent to prove sexual battery. Code § 18.2-67.4(A)(ii) provides, in relevant part, that

> [a]n accused is guilty of sexual battery if he sexually abuses, as defined in Code § 18.2-67.10, . . . (ii) within a two-year period, more than one complaining witness . . . intentionally and without the consent of the complaining witness.

Code § 18.2-67.10(6), in turn, defines "sexual abuse" in relevant part, as

> [a]n act committed with the intent to sexually molest, arouse, or gratify any person, where:
>
> a) The accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts; [or]
>
> b) The accused forces the complaining witness to touch the accused's . . . intimate parts or material directly covering such intimate parts[.]

Appellant contends that the evidence was insufficient to prove that he had the intent to "sexually molest, arouse, or gratify" when he touched J.E. and E.L.

Appellant's intent is a factual issue for determination by the jury. In reviewing the evidence, "the question is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "Whether the evidence adduced is sufficient to prove each of [the] elements is a factual finding, which will not be set aside

- 4 -

on appeal unless it is plainly wrong." Lawlor v. Commonwealth, 285 Va. 187, 223-24, 738 S.E.2d 847, 868 (2013). This Court does not substitute its judgment for that of the fact-finder. Id. at 224, 728 S.E.2d at 868.

"Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case. The state of mind of an alleged offender may be shown by his acts and conduct." Walker v. Commonwealth, 12 Va. App. 438, 445, 404 S.E.2d 394, 397 (1991) (quoting David v. Commonwealth, 2 Va. App. 1, 3, 340 S.E.2d 576, 577 (1986)). Therefore, intent may "be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts are within the province of the trier of fact." Summerlin v. Commonwealth, 37 Va. App. 288, 297, 557 S.E.2d 731, 736 (2002) (quoting Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991)).

J.E. testified that appellant touched material covering her intimate part and that he did so without her consent. Specifically, J.E. stated that appellant "cupped" her "buttock" during an eye exam. E.L. testified that appellant caused her leg to touch the material covering his intimate parts. She related that appellant moved in such a way that her knee was continuously touching his groin during a six-minute eye exam. E.L. also testified that she had never previously experienced this behavior during an eye exam.

Appellant denied that he ever touched the women, but the jury was free to disregard his testimony. "[A] fact-finder, having rejected a defendant's explanation as untrue, may draw the reasonable inference that his explanation was made falsely in an effort to conceal his guilt." Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004).

Appellant also argues that even if this contact occurred, it was merely accidental or incidental to the eye exam. However, his expert testified unequivocally that it was unnecessary for a patient or doctor to make contact with each other's intimate areas during an eye exam, and she

stated "there is no need to be touching the patient whatsoever, at any point." Appellant agreed with her assertion in his testimony. The jury reasonably could conclude from this evidence that because contact with a patient's or doctor's intimate areas is unwarranted during an eye exam, appellant touched J.E. and caused E.L. to touch him for his own sexual gratification.

B. Sufficiency of the Evidence to Prove Force

For a conviction under Code § 18.2-67.4(A)(ii), the Commonwealth must establish that a defendant sexually abused, as defined in Code § 18.2-67.10, "within a two-year period, more than one complaining witness . . . intentionally and without the consent of the complaining witness." Appellant contends that the Commonwealth did not prove he sexually abused E.L. because there was no proof that the contact was accomplished by force, as that term is used in Code § 18.2-67.10(6)(b). However, we do not need to reach this issue.

"As an appellate court, we seek the 'best and narrowest ground available' for our decision." Harvey v. Commonwealth, 65 Va. App. 280, 285 n.2, 777 S.E.2d 231, 234 n.2 (2015) (quoting Armstead v. Commonwealth, 56 Va. App. 569, 576, 695 S.E.2d 561, 564 (2010)); see also Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*). Assuming without deciding that the court should have granted appellant's motion to strike E.L.'s testimony, any error in failing to do so was harmless.

Code § 18.2-67.4(A)(ii) punishes sexual battery of more than one person in a two-year period. The Commonwealth presented evidence that appellant improperly touched three women without their consent from April to August 2016. Appellant argues that the incident with E.L. did not constitute "sexual abuse" as defined by Code § 18.2-67.10(6)(b) because it involved E.L.'s touching of clothing covering appellant's intimate parts and was not accomplished by force. However, apart from his argument previously addressed in this opinion that the Commonwealth did not prove his "intent to sexually molest, arouse, or gratify," appellant does not challenge the

elements of sexual battery regarding J.E. and D.E.  Therefore, sufficient evidence supported the

jury's finding that within a two-year period appellant sexually abused "more than one complaining

witness . . . intentionally and without the consent of the complaining witness" as required by Code

§ 18.2-67.4(A)(ii).

Accordingly, we affirm appellant's conviction for sexual battery.

<u>Affirmed.</u>