UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Huff,[*] AtLee and Ortiz
Argued at Fairfax, Virginia

JONATHAN ALMANZA ZAPATA

MEMORANDUM OPINION[**] BY
v.      Record No. 0855-23-4      JUDGE DANIEL E. ORTIZ
FEBRUARY 25, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

Allison H. Carpenter, Deputy Public Defender, for appellant.

Kimberly A. Hackbarth, Senior Assistant Attorney General (Jason S. Miyares, Attorney General, on brief), for appellee.

An accused is entitled to a jury instruction on any lesser-included offense when there is a scintilla of evidence to support that lesser-included offense. Sexual battery is a lesser-included offense of aggravated sexual battery in certain circumstances. Assault and battery is a lesser-included offense of sexual battery. But can assault and battery be a lesser-included offense of aggravated sexual battery when the elements of sexual battery do not apply? Jonathan Almanza Zapata contends that it can and argues that it was an abuse of discretion for the circuit court to deny his proposed jury instruction on assault and battery as a lesser-included offense. We agree. Finding that the circuit court erred in denying Zapata's proposed jury instruction on assault and battery as a lesser-included offense of aggravated sexual battery, under the facts presented, we reverse and remand for a new trial.

---

[*] Judge Huff participated in the hearing and decision of this case prior to the effective date of his retirement on December 31, 2024.

[**] This opinion is not designated for publication. See Code § 17.1-413(A).

BACKGROUND[1]

Zapata and Danielle McKenzie married in 2013. Shortly after, they moved into Danielle's parents' basement. Danielle's mother, Ofelia McKenzie, father, James McKenzie, and two half-sisters, M.M. and J.M., also lived in the house. In 2019, Danielle's parents separated, and she and Zapata moved out. Danielle and Zapata amicably divorced in late 2019.

In 2021, while visiting her two half-sisters, Danielle asked to see M.M.'s phone. M.M. cried and refused to show Danielle the phone. When Danielle left, she asked J.M. to talk to M.M. to see what was wrong. M.M. disclosed to J.M. instances of unwanted physical contact from Zapata. J.M. then told Danielle, who subsequently reported it to police. M.M. and J.M. were both forensically interviewed.

Law enforcement arranged a control call at the police station between Danielle and Zapata. The conversation was audio and video recorded and lasted two hours or so. During the call, Danielle confronted Zapata about M.M.'s allegations, including that Zapata kissed her "privates," took off her clothes, slapped her buttocks, kissed her on the lips, caressed her face, and stuck his penis in her mouth during a "game." Danielle also referenced a time Ofelia found Zapata in the house uninvited. Zapata was led to believe M.M. was in the room with Danielle rather than law enforcement. Zapata initially denied the allegations and only admitted to giving M.M. closed fist back massages over her clothing and kissing her cheek. He admitted to playing the "game" with M.M., but stated her eyes weren't covered and that it was candy, not his penis or his thumb, in her mouth. He also acknowledged kissing M.M.'s stomach and lips. As the conversation continued and Zapata believed that M.M. was present in the room, Zapata apologized for "harming her" and "being inappropriate with her." After the interview, the police arrested Zapata.

---

[1] Because we reach only one of Zapata's seven assignments of error, unnecessary facts are omitted.

During Danielle's testimony, the Commonwealth introduced into evidence a truncated audio-only version of the control call and published it to the jury. M.M., who was 13 years old, testified at trial. She stated that while Zapata lived with her family, he kissed her on the lips, slapped her buttocks, kissed her "private parts," and massaged her lower back under her clothes. She identified on an anatomical diagram the areas of her body that Zapata touched and kissed. The diagram was introduced into evidence and published to the jury. M.M. then described the "game" Zapata played with her, where he would place a cloth over her closed eyes, put an object in her mouth, and ask her to guess what it was. If she tried to take the cloth off, he would put it back on. She did not know what the object was, but said it felt "in the middle" between hard and soft. Zapata put the object in her mouth "[a] bunch" of times and told her "[n]ot to bite it." Zapata told her she could not tell anyone about the game.

M.M. testified that all this unwanted physical contact occurred before she went on a cruise with her family and Zapata when she was nine years old. On the cruise, when M.M. confronted Zapata about kissing her privates, "he got mad" and told her she "shouldn't say that." M.M. said Zapata stopped touching and kissing her for a time after this conversation, but he eventually started kissing her again.

Following the Commonwealth's case-in-chief, Zapata moved to strike. He argued that the Commonwealth's evidence was insufficient to show that he had intentionally touched M.M.'s intimate parts or that he had done so with the intent to sexually molest, arouse, or gratify as required by Code § 18.2-67.3. The circuit court denied the motion.

In his case-in-chief, Zapata introduced the entire audio and video recording of the control call. Zapata also testified. He denied touching M.M. in a sexual way, taking off her clothes, kissing her private parts, putting his penis in her mouth, or any other acts he was accused of. He denied being sexually attracted to children. He said he gave M.M. a back massage "once or twice" because

she was in the same room when he was giving Danielle a back massage. He also admitted kissing M.M. on the cheek and "punching" J.M. on the buttocks. As to the control call, Zapata testified that he was shocked by the accusations and only apologized to M.M. because Danielle "wasn't taking no for an answer." After his testimony, Zapata renewed his motion to strike on the same grounds, which the circuit court again denied.

While the parties were discussing jury instructions, Zapata requested an assault and battery instruction as a lesser-included offense of aggravated sexual battery. The court denied the proposed instruction. The jury then convicted Zapata of aggravated sexual battery of a child under the age of 13 in violation of Code § 18.2-67.3. The court sentenced Zapata to 15 years' imprisonment, with 10 years suspended. Zapata appeals.

## ANALYSIS

Zapata raises seven assignments of error.[2] "In this case, as in all others, we seek to decide cases, 'on the best and narrowest ground available' from the record." *Foltz v. Commonwealth*, 58 Va. App. 107, 114 (2011) (en banc) (quoting *Kirby v. Commonwealth*, 50 Va. App. 691, 698 n.2 (2007)), *aff'd*, 284 Va. 467 (2012). "This approach encourages 'judicial self-restraint' by avoiding the resolution of broad, reasonably debatable legal issues when narrower, less debatable legal issues fully dispose of the appeal before the court." *Id.* (quoting *Cooper v. Commonwealth*, 54 Va. App. 558, 566 (2009)). Because we find that assault and battery is a lesser-included offense of

---

[2] Zapata assigns error to the circuit court's decisions to: (1) allow testimony of Zapata's "other crimes and/or prior bad acts"; (2) allow the Commonwealth to introduce hearsay statements during redirect examination of Danielle; (3) deny Zapata's ability to recross-examine Danielle following new testimony on redirect; (4) deny Zapata's proposed jury instruction on a lesser-included offense; (5) deny Zapata's proposed limiting jury instruction on the control call admitted into evidence; (6) deny Zapata's motion to strike; and (7) consider police reports during sentencing via the presentence investigation report although the reports were not admitted into evidence.

aggravated sexual battery when the victim's age is the sole aggravating factor, we only reach that issue.

## I. Standard of Review

When reviewing the content of jury instructions, "[o]ur 'sole responsibility . . . is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" *Molina v. Commonwealth*, 272 Va. 666, 671 (2006) (quoting *Swisher v. Swisher*, 223 Va. 499, 503 (1982)). "Whether the content of the instruction is an accurate statement of the relevant legal principles is a question of law that, like all questions of law, we review de novo." *Hancock-Underwood v. Knight*, 277 Va. 127, 131 (2009). "[T]he matter of granting and denying [jury] instructions . . . rest[s] in the sound discretion of the trial court." *Cooper v. Commonwealth*, 277 Va. 377, 381 (2009). "Jury instructions are properly refused if not supported by more than a scintilla of evidence." *Rhodes v. Commonwealth*, 41 Va. App. 195, 200 (2003). But "if a proffered instruction finds any support in credible evidence, its refusal is reversible error." *McClung v. Commonwealth*, 215 Va. 654, 657 (1975).

## II. Assault and battery is a lesser-included offense of aggravated sexual battery.

Zapata and the Commonwealth disagree about whether all the elements of assault and battery are encompassed within aggravated sexual battery. "A lesser[-]included offense is an offense which is composed entirely of elements that are also elements of the greater offense." *Kauffmann v. Commonwealth*, 8 Va. App. 400, 409 (1989). When considering this standard, "[t]he elements of the greater offense *as charged* must be examined in relation to the purported lesser offense, and where every commission of the greater offense is also a commission of the lesser offense, a lesser offense may be deemed to exist." *Sanchez v. Commonwealth*, 32 Va. App. 238, 241 (2000) (emphasis added). If the offense in question contains an element that the greater offense

does not, it is not a lesser-included offense. *Hudgins v. Commonwealth*, 43 Va. App. 219, 228 (2004) (en banc), *rev'd on other grounds*, 269 Va. 602 (2005).

"The determination of what offenses are necessarily included lesser offenses of the crime charged is based on the fundamental nature of the offenses involved, not on the particular facts of a specific case . . . ." *Taylor v. Commonwealth*, 11 Va. App. 649, 652 (1991). In applying the test, the offenses are examined in the abstract rather than with reference to the facts of the case under review. *Blythe v. Commonwealth*, 222 Va. 722, 726 (1981).

Code § 18.2-67.3 provides:

> (A) An accused is guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and
>
> (1) The complaining witness is less than 13 years of age; or
>
> (2) The act is accomplished through the use of the complaining witness's mental incapacity or physical helplessness; or
>
> (3) The offense is committed by a parent, step-parent, grandparent, or step-grandparent and the complaining witness is at least 13 but less than 18 years of age; or
>
> (4) The act is accomplished against the will of the complaining witness by force, threat or intimidation, and
>> (a) The complaining witness is at least 13 but less than 15 years of age; or
>> (b) The accused causes serious bodily or mental injury to the complaining witness; or
>> (c) The accused uses or threatens to use a dangerous weapon.

Under Code § 18.2-67.4(A), "[a]n accused is guilty of sexual battery if he sexually abuses, as defined in § 18.2-67.10 . . . the complaining witness against the will of the complaining witness, by force, threat, intimidation, or ruse." "[T]he factors that elevate the criminal act from [misdemeanor sexual battery] to [felony aggravated sexual battery] are the specific age of the victim, serious bodily or mental injury, or the use or threat of use of a dangerous weapon." *Johnson v. Commonwealth*, 5 Va. App. 529, 533 (1988). An assault and battery is a willful or

unlawful touching of another done in an angry, rude, insulting, or vengeful manner. Model Jury Instrs.—Crim. No. 37.100; *Parish v. Commonwealth*, 56 Va. App. 324, 330-31 (2010) (explaining that a battery depends on the actor's intent and that an unlawful intention to do bodily harm may be imputed if the touching is "done in a rude, insolent, or angry manner").

This Court has held that assault and battery is a lesser-included offense of sexual battery. *Gnadt v. Commonwealth*, 27 Va. App. 148, 151 (1998). "The elements of [sexual battery] consist of an intentional touching administered with the intent to sexually molest, arouse, or gratify." *Id.* at 152. Thus, "[t]he more specific and aggravated state of mind necessary to commit sexual abuse encompasses the less culpable mental state found in assault and battery." *Id.* Both offenses require a touching, meaning "each element of an assault and battery is encompassed within the elements of sexual battery." *Id.* The difference lies in the intent.

Whether sexual battery is a lesser-included offense of aggravated sexual battery, however, is charge specific. In *Walker v. Commonwealth*, 12 Va. App. 438 (1991), the defendant was charged with aggravated sexual battery under Code § 18.2-67.3(A)(4)(b), but he was ultimately convicted of sexual battery under Code § 18.2-67.4. On appeal, he argued sexual battery is not a lesser-included offense of aggravated sexual battery. *Id.* at 441. Code § 18.2-67.3(A)(4)(b) required a showing that the defendant sexually abused the complaining witness against her will by force, threat, or intimidation, which resulted in serious bodily or mental injury to the complaining witness. *Id.* Accordingly, because "[t]he misdemeanor of sexual battery consist[ed] of the first three of these elements," the indictment "was broad enough to warrant a conviction of the lesser crime." *Id.* at 444. In contrast, the defendant in *Kauffman*, 8 Va. App. at 409, was charged with aggravated sexual battery under Code § 18.2-67.3(A)(4)(a) for a victim at least 13 but less than 15 years old. Because the victim's age was the only elevating factor, and it was uncontradicted that the victim was 14 years old at the time of the

offense, this Court held that it was inappropriate to give a lesser-included jury instruction for sexual battery. *Id.*

The question thus becomes whether the offense of assault and battery can be a lesser-included offense of aggravated sexual battery even when sexual battery is not a lesser-included offense of aggravated sexual battery. We hold that it can in some cases. Aggravated sexual battery requires sexual abuse of the complaining witness, plus one of the aggravating factors.[3] Code § 18.2-67.3. When the sole aggravating factor is the *uncontradicted* age of the complaining witness—Code § 18.2-67.3(A)(1), (A)(3), or (A)(4)(a)—sexual battery is not a lesser-included offense under *Kauffman*, 8 Va. App. at 409, because proving sexual battery would automatically prove aggravated sexual battery, or vice versa. But this does not preclude assault and battery as a lesser-included offense in the same context. Assault and battery requires a willful or unlawful touching of another done in an angry, rude, insulting, or vengeful manner. Both aggravated sexual battery and assault and battery thus require a touching, differentiated by

---

[3] Code § 18.2-67.10(6) defines sexual abuse as:

> [A]n act committed with the intent to sexually molest, arouse, or gratify any person, where:
>
> (a) The accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts;
>
> (b) The accused forced the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts;
>
> (c) If the complaining witness is under the age of 13, the accused causes or assists the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts; or
>
> (d) The accused forces another person to touch the complaining witness's intimate parts or material directly covering such intimate parts.

the accused's intent. In other words, every element of an assault and battery is encompassed within the elements of aggravated sexual battery.

Indeed, the complaining witness's age is irrelevant when deciding between aggravated sexual battery and assault and battery. When an accused is charged with Code § 18.2-67.3(A)(1), (A)(3), or (A)(4)(a), the factfinder must decide only whether the accused possessed the "specific and aggravated state of mind necessary to commit sexual abuse" or the "less culpable mental state found in assault and battery," irrespective of the complaining witness's age. *Gnadt*, 27 Va. App. at 152. For instance, did the accused touch the less-than-13-year-old complaining witness's intimate parts or the material directly covering such intimate parts with the intent to sexually molest, arouse, or gratify? If the answer is yes, then the accused is guilty of aggravated sexual battery. Or did the accused sexually abuse the complaining witness by force, threat, or intimidation and the complaining witness is at least 13 but less than 15 years old? This too would be aggravated sexual battery. But if the requisite sexual intent is absent in either scenario and the touching was instead angry, rude, insulting, or vengeful, then the accused is guilty of assault and battery. The analysis therefore does not hinge on the complaining witness's age.[4]

We therefore hold that when the complaining witness's age is the sole, uncontested, elevating factor, assault and battery is a lesser-included offense of aggravated sexual battery even though sexual battery is not. We must then decide whether there was evidence here to support a jury instruction on the lesser-included offense.

---

[4] This is not to suggest that an accused cannot challenge whether the complaining witness was the requisite age when the offense occurred. If, for instance, an accused contests the year in which an offense occurred, thereby placing the complaining witness's age outside of the aggravating factors, "waterfall" jury instructions for aggravated sexual battery, sexual battery, and assault and battery may be required. *See, e.g.*, Model Jury Instrs.—Crim. No. 37.100.

III. The circuit court erred in denying Zapata's proposed jury instruction.

During trial, the Commonwealth's Instruction No. 11 provided the elements of aggravated sexual battery: "That [Zapata] sexually abused M.M.; and . . . That at the time of the act M.M. was under the age of 13."[5] Zapata proposed Jury Instruction G as an alternative to the Commonwealth's Instruction No. 11. Zapata's proffered instruction stated that if the jury finds that the Commonwealth failed its burden in proving aggravated sexual battery but it found that Zapata "willfully touched [M.M.] without legal excuse or justification; and . . . [t]hat the touching was done in an angry, rude, insulting, or vengeful manner, then you shall find [Zapata] guilty of assault and battery." We hold that it was an abuse of discretion for the circuit court to deny Zapata's proposed jury instruction.

The record must "'provide the necessary quantum of independent evidence' to support an instruction on the lesser-included offense." *Williams v. Commonwealth*, 64 Va. App. 240, 247 (2015) (quoting *Commonwealth v. Leal*, 265 Va. 142, 147 (2003)). But "the jury's ability to reject evidence [does not operate] as a substitute for the evidentiary support required to grant a defendant's request for an instruction on a lesser-included offense." *Commonwealth v. Donkor*, 256 Va. 443, 446-47 (1998); *see Commonwealth v. Vaughn*, 263 Va. 31, 36 (2002) ("[T]he [jury's] ability to reject evidence does not supply the affirmative evidence necessary to support a jury instruction."). "In determining whether evidence amounts to more than a scintilla, 'we must look at the evidence in the light most favorable to [appellant].'" *Herbin v. Commonwealth*, 28 Va. App. 173, 181 (1998) (alteration in original) (quoting *Foster v. Commonwealth*, 13 Va. App. 380, 383 (1991)).

---

[5] The Commonwealth's Instruction No. 12 defined sexual abuse as "an act committed with the intent to sexually molest, arouse, or gratify any person, where the defendant intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts." Instruction No. 13 defined intimate parts to mean the genitalia, anus, groin, breasts, or buttocks of any person.

Here, Zapata's proposed jury instruction was a correct statement of law supported by more than a scintilla of evidence. "Intent, like any fact, may be shown by circumstances. It is 'a state of mind which may be proved by a person's conduct or by his statements.'" *Vaughn*, 263 Va. at 36 (quoting *Howard v. Commonwealth*, 207 Va. 222, 228 (1966)). Zapata denied the sexual nature of his actions. He said he gave M.M. a closed-fist back massage over her clothes "once or twice" because she was in the same room when he was giving Danielle a back massage. He admitted kissing M.M. on the cheek and stomach and "swatting" M.M. on the buttocks. He identified the star and blue circle on the anatomical diagram as "[p]art of the stomach" rather than M.M.'s "private parts" or groin. He acknowledged playing the "game" with M.M. but explained that it was candy in her mouth rather than his penis or thumb.[6] M.M. testified that she did not know what the object was, but said it felt "in the middle" between hard and soft. She also said the game made her "uncomfortable," and she told him to "stop." She drew a star on the lower portion of her stomach between her belly button and vulva that was labeled "privates." She added that Zapata kissed her on the lips, touched her "butt," kissed her "private parts," and massaged her lower back under her clothes.

Viewing this evidence in the light most favorable to Zapata, we find there was more than a scintilla of evidence supporting the proffered instruction. The "intimate places" M.M. identified on the diagram, including her lower back and stomach, do not directly meet the definition of intimate parts in Code § 18.2-67.10 or the Commonwealth's Instruction No. 13. Zapata denied any intent for sexual gratification. The jury likewise could have found a lack of sexual intent in kissing her cheek, swatting her buttocks, or massaging her back, instead finding that the touching was done in an

---

[6] This Court does not assess Zapata's or any other witness's credibility. But as discussed below, absent the lesser-included jury instruction, the jury's opportunity to evaluate the credibility of testimony and decide whether Zapata's actions were done for sexual gratification was taken away.

- 11 -

insulting or rude manner.  There is also a question whether the "game" involved M.M. touching

Zapata's intimate parts, and whether Zapata possessed the same sexual intent rather than the less

culpable mental state found in assault and battery.  Thus, the circuit court erred in denying the

proposed jury instruction on the lesser-included assault and battery offense.

IV.  The circuit court's error was not harmless.

Concluding that the circuit court erred does not end our analysis.  *Lienau v.

Commonwealth*, 69 Va. App. 254, 270 (2018).  Code § 8.01-678 requires harmless error review

in all cases.  *Commonwealth v. Kilpatrick*, 301 Va. 214, 216 (2022).  Non-constitutional error is

harmless if we can determine that "there has been a fair trial on the merits and . . . substantial

justice has been reached" because "other evidence of guilt is so 'overwhelming' and the error so

insignificant by comparison" that we can conclude "the alleged error [did not] substantially

influence[] the [verdict]."  *Id.* at 217 (quoting *Haas v. Commonwealth*, 299 Va. 465, 467 (2021));

*Dalton v. Commonwealth*, 64 Va. App. 512, 520-21 (2015) (quoting *Schwartz v. Schwartz*, 46

Va. App. 145, 159 (2005)).

A harmless error analysis asks whether the evidence supports "that a rational [factfinder]

*would have* found the defendant guilty absent the error."  *Commonwealth v. White*, 293 Va. 411,

422-23 (2017) (alteration in original) (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999)).  In

other words, would a jury have convicted Zapata even if the assault and battery instruction was

given?  "[W]here it is impossible to determine from the verdict whether the jury would have

necessarily rejected a [lesser-included offense] on which it was not instructed, error in refusing

to instruct on that [offense] is not harmless."  *Lienau*, 69 Va. App. at 270.

"[D]etermining the credibility of the witnesses and the weight afforded the testimony of

those witnesses are matters left to the trier of fact, who has the ability to hear and see them as

they testify."  *Maldonado v. Commonwealth*, 70 Va. App. 554, 562 (2019) (quoting *Miller v.*

*Commonwealth*, 64 Va. App. 527, 536 (2015)).  The jury, as the factfinder, was "free to believe or disbelieve, in whole or in part, the testimony of any witness," including M.M. and Zapata. *Rams v. Commonwealth*, 70 Va. App. 12, 38 (2019).  Even so, the jury was ultimately deprived of deciding whether Zapata's actions constituted aggravated sexual battery or assault and battery. The court denied the jury's opportunity to decide whether Zapata's actions were for sexual gratification, or were instead angry, rude, insulting, or vengeful.  We thus cannot say that the error was insignificant and did not substantially influence the verdict when it is impossible to confidently determine whether the jury would have rejected the lesser-included offense of assault and battery.  The testimony and evidence at trial does not unquestionably meet all the statutory requirements needed to prove aggravated sexual battery.  We also cannot conclude that the evidence described above is so "overwhelming of guilt" that "a rational [factfinder] *would have* found [Zapata] guilty absent the error." *White*, 293 Va. at 422-23 (first alteration in original). The error therefore was not harmless.

CONCLUSION

When an accused is charged with aggravated sexual battery and the complaining witness's uncontradicted age is the only aggravating factor, assault and battery is a lesser-included offense.  Because the circuit court erred in denying Zapata's proffered jury instruction for the lesser-included offense of assault and battery, and this error was not harmless, we reverse and remand this matter for a new trial.

*Reversed and remanded.*