COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Alston, McCullough and Senior Judge Clements
Argued at Richmond, Virginia


TEVEIN DEWAYNE HARVEY

                                                OPINION BY
v.        Record No. 2037-14-2              JUDGE STEPHEN R. McCULLOUGH
                                                OCTOBER 13, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
Leslie M. Osborn, Judge

N. Garrison Elder (Hawthorne & Hawthorne, P.C., on brief), for
appellant.

Michael T. Judge, Senior Assistant Attorney General (Mark R.
Herring, Attorney General; Susan Mozley Harris, Assistant Attorney
General, on brief), for appellee.


Tevein Dewayne Harvey argues that the trial court erred in permitting a victim of his crimes

to testify at sentencing concerning the details of those crimes.  He contends that such testimony

exceeded the scope of permissible testimony under Code §§ 19.2-295.3 and 19.2-299.1.  He also

argues that the trial court committed an abuse of discretion by permitting the victim to testify about

one of the charges that was "nol prossed."  We find no error and affirm.

BACKGROUND

Appellant pled guilty to two charges of attempted murder, possession of a firearm by a

nonviolent felon, burglary, robbery of a residence with the use of a gun, abduction for pecuniary

gain, strangulation, abduction by force, threat, intimidation, conspiracy to commit armed

robbery, and three charges of use of a firearm in the commission of a felony.[1]  In exchange, the Commonwealth, among other things, agreed to *nolle prosequi* a number of charges.

Heather Brown, one of the victims, submitted a victim impact statement prior to the sentencing hearing.  At the sentencing hearing, the prosecution asked Brown's mother if she had found out what happened to her daughter and grandson.  As she began to answer, the defense objected, contending that "the line of questioning is recounting the facts of the case to which we've already entered pleas and stipulated."  The court sustained the objection, stating that "[s]ince this is victim testimony, you can ask her what was related to her and how did that affect her.  That's the area you can get into.  I don't want to go through all the details."

The prosecution asked the next witness, Heather Brown, to "tell the Court what happened to [her] on December 9, 2013."  Counsel immediately objected on the basis that "[w]e've entered guilty pleas.  We've stipulated.  I think the Commonwealth has liberty to ask how those events have affected folks, but," whereupon the court interjected, "What happened in this crime is the evidence and I'm going to overrule your objection.  She is the victim.  She can tell what happened."

The victim proceeded to relay what transpired.  She testified to a violent robbery that took place in her home.  She heard a loud knock on the door and soon afterwards the door burst open.  A man wearing a bandana and carrying a gun entered her home.  He pointed the gun at her head, grabbed her by the hair, and demanded money.  He struck her with the butt of the gun and with his fists.  According to Brown, when she failed to produce her wallet, the man grabbed her one-year-old son by the throat and put his gun to the baby's head, stating that he would count to twenty, and if she did not produce the money, he would "blow [her] son's brains out."  At one

---

[1] Appellant entered an Alford plea to one of the attempted murder charges and to the strangulation charge.  See North Carolina v. Alford, 400 U.S. 25 (1970).

point, he dropped the child to the floor. She also noticed the presence of a second man in her home as the robbery unfolded.

The defense presented two witnesses in mitigation, appellant and his mother. Appellant contested the victim's account in part, stating that "a lot of stuff [she] is exaggerating didn't happen, Your Honor." The court inquired, "Sir, you just told me that some of the things she said were not true and that the father of the child had a part in this. I don't know what you're talking about. If you want me to consider that[,] you've got to tell me what you're talking about." Appellant then testified, among other things, that the victim and her husband were dealing drugs, and he denied harming Brown's infant son.

Before pronouncing a sentence, the court mentioned the appellant's criminal record, the violence of appellant's actions, and the mitigation evidence contained in the presentence report. The court concluded that appellant's sentence should be one that exceeded the sentencing guidelines. The court imposed a total sentence of 133 years, with 87 years suspended, for a total active sentence of 46 years.

ANALYSIS

This case presents a matter of statutory construction. We review such a question *de novo*. Jay v. Commonwealth, 275 Va. 510, 517, 659 S.E.2d 311, 315 (2008).

Under longstanding practice,

> "both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law."

McClain v. Commonwealth, 189 Va. 847, 859-60, 55 S.E.2d 49, 55 (1949) (quoting Williams v. New York, 337 U.S. 241, 246 (1949)); see also Prieto v. Commonwealth, 283 Va. 149, 168, 721 S.E.2d 484, 496 (2012) ("The scope of testimony in the sentencing phase is wide, and the

standard for exclusion of relevant evidence is whether the prejudicial effect substantially outweighs its probative value. This is a matter of discretion for the circuit court and is properly reviewed under an abuse of discretion standard." (citation omitted)).

For example, for many crimes, courts must order the preparation of a presentence report that contains the results of a "thorough[] investigat[ion]" and includes the convict's criminal history and "all other relevant facts." Code § 19.2-299. Courts are also directed in all felony cases such as this one to consult sentencing guidelines. Code § 19.2-298.01. Defendants, of course, can testify and offer mitigation evidence from a variety of sources, including relatives, employers, friends, religious figures, and others.

The Code also ensures that victims of crime have a voice in the process. Code § 19.2-295.3 provides in relevant part:

> Whether by trial or upon a plea of guilty, upon a finding that the defendant is guilty of a felony, the court shall permit the victim, as defined in § 19.2-11.01, upon motion of the attorney for the Commonwealth, to testify in the presence of the accused regarding the impact of the offense upon the victim. The court shall limit the victim's testimony to the factors set forth in clauses (i) through (vi) of subsection A of § 19.2-299.1. In the case of trial by jury, the court shall permit the victim to testify at the sentencing hearing conducted pursuant to § 19.2-295.1 or in the case of trial by the court or a guilty plea, the court shall permit the victim to testify before the court prior to the imposition of a sentence.

Code § 19.2-299.1, which governs victim impact statements, provides in relevant part:

> A Victim Impact Statement shall be kept confidential and shall be sealed upon entry of the sentencing order. If prepared by someone other than the victim, it shall (i) identify the victim, (ii) itemize any economic loss suffered by the victim as a result of the offense, (iii) identify the nature and extent of any physical or psychological injury suffered by the victim as a result of the offense, (iv) detail any change in the victim's personal welfare, lifestyle or familial relationships as a result of the offense, (v) identify any request for psychological or medical services initiated by the victim or the victim's family as a result of the offense, and (vi) provide such other information as the court may require related to the impact of the offense upon the victim.

Appellant argues that Code § 19.2-295.3 and the six factors it cross-references from Code § 19.2-299.1 limit the scope of a victim's testimony at a sentencing hearing to victim impact evidence.[2] Therefore, the victim may not testify concerning the facts of the crime itself. He also argues that the prejudicial effect of Brown's testimony substantially outweighed its probative value.

"We apply the plain meaning of the language appearing in the statute unless it is ambiguous or applying the plain language leads to an absurd result." Commonwealth v. Amos, 287 Va. 301, 305-06, 754 S.E.2d 304, 306-07 (2014) (citation omitted). First, Code § 19.2-295.3 requires trial courts to permit victims to testify concerning the impact of the crime on the victim. The statute thus limits a trial court's broad discretion to *exclude* such testimony, and it clarifies that a jury may hear such evidence during the sentencing phase of a jury trial. See Rock v. Commonwealth, 45 Va. App. 254, 259, 610 S.E.2d 314, 316 (2005) ("By explicitly providing that victims *shall* be allowed to testify regarding the impact of the offense on them when the defendant is found guilty of a felony, Code § 19.2-295.3 establishes the victim's right to testify . . . ."). Second, Code § 19.2-295.3, by referencing the six factors found in Code § 19.2-299.1, limits the scope of *victim impact* testimony to those factors. Both Code § 19.2-295.3 and the factors it references from Code § 19.2-299.1 expressly apply to *victim impact* testimony. They do not, by their text or by implication, preclude a trial court from considering testimony from a victim at the sentencing hearing about the underlying facts of the crime, provided that the trial judge concludes, within his broad discretion, that such evidence would help the court fashion an appropriate sentence.

---

[2] We acknowledge the Commonwealth's argument that this issue is procedurally defaulted under Rule 5A:18. As an appellate court, we seek "'the best and narrowest ground available'" for our decision. Armstead v. Commonwealth, 56 Va. App. 569, 576, 695 S.E.2d 561, 564 (2010) (quoting Kirby v. Commonwealth, 50 Va. App. 691, 698 n.2, 653 S.E.2d 600, 603 n.2 (2007)). With respect to this assignment of error, we conclude that resolving the merits of the question presented constitutes the narrowest and best ground.

This conclusion is not only in accord with the plain language of Code §§ 19.2-295.3 and 19.2-299.1; it is also consistent with a stated objective of Virginia's foundational charter of government. The General Assembly and the people of Virginia amended the Constitution to ensure that victims of crime have a voice in the process. Section 8-A of the Constitution of Virginia, entitled "Rights of victims of crime," provides that crime victims must be provided with "access to a meaningful role in the criminal justice process," including, among other things, "[t]he right to address the circuit court at the time sentence is imposed." Va. Const. art. I, § 8-A. Our interpretation is also consistent with one of the stated policy goals of the Crime Victim and Witness Rights Act, Code §§ 19.2-11.01 to -11.4, which is to "ensure that the full impact of crime is brought to the attention of the courts of the Commonwealth." Code § 19.2-11.01(A).

We do not hold that any and all evidence concerning the facts of the crime must be admitted at sentencing. Circuit court judges are vested with broad discretion in admitting evidence, Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988), and can be expected to exercise that discretion to exclude evidence that does not aid the court in the sentencing phase. We simply hold that Code §§ 19.2-295.3 and 19.2-299.1 do not compel courts to exclude testimony from victims concerning the circumstances of the crime when that testimony would assist the court as it considers what sentence to impose. And, of course, such testimony is subject to cross-examination by the defendant, as well as any rebuttal evidence from the defendant.

Finally, we perceive no abuse of discretion in the trial court's weighing of the probative value of the evidence against its prejudicial effect. "Such weighing is left to the discretion of the trial court and will not be disturbed on appeal, absent an abuse of discretion." Teleguz v. Commonwealth, 273 Va. 458, 482, 643 S.E.2d 708, 723 (2007).

With respect to Harvey's second assignment of error, that the trial court erred by permitting the victim to testify about one of the charges that was *nolle prosequied*, we conclude

that this argument is barred by Rule 5A:18. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling." Appellant did not object at trial that the victim impermissibly strayed in her testimony when she mentioned a charge that was dismissed by *nolle prosequi*. Accordingly, we hold that Rule 5A:18 precludes us from reaching this assignment of error.

CONCLUSION

We affirm the judgment of the trial court.

<u>Affirmed.</u>