COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Huff and Senior Judge Annunziata

TAMEKA JOHNSTON

v.      Record No. 1128-19-4

CITY OF ALEXANDRIA DEPARTMENT OF
 COMMUNITY AND HUMAN SERVICES

MEMORANDUM OPINION*
PER CURIAM
DECEMBER 27, 2019

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Nolan B. Dawkins, Judge

(Isabel Kaldenbach, on brief), for appellant. Appellant submitting
on brief.

(Richard F. Gibbons, Jr.; Gerylee M. Baron, Guardian *ad litem* for
the minor children, on brief), for appellee. Appellee and Guardian
*ad litem* submitting on brief.


Tameka Johnston (mother) appealed the orders of the City of Alexandria Juvenile and

Domestic Relations District Court (the JDR court) terminating her parental rights to her four minor

children and approving the foster care goal of adoption. When mother did not appear for the circuit

court hearing, the City of Alexandria Department of Community and Human Services (the

Department) moved to deem her appeals withdrawn under Code § 16.1-106.1(D). The circuit court

granted the Department's motion. Mother argues that the circuit court order erred in dismissing her

appeals when she failed to appear on time for trial. Upon reviewing the record and briefs of the

parties, we conclude that the circuit court did not err. Accordingly, we affirm the decision of the

circuit court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

"On appeal, 'we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below, in this case the Department.'" Farrell v. Warren Cty. Dep't of Soc. Servs., 59 Va. App. 375, 386 (2012) (quoting Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1180 (1991)).

On April 15, 2019, the JDR court terminated mother's parental rights to four of her children and approved the foster care goal of adoption.[2] Mother had notice of the JDR court hearing, which she and her counsel attended. Mother's counsel filed notices of appeal the day after the JDR court's orders.

On April 29, 2019, the circuit court appointed the same counsel for mother. Also on April 29, 2019, the circuit court entered a uniform pretrial scheduling order, which mother's counsel endorsed, setting the case for a one-day hearing on June 28, 2019 at 10:00 a.m. Mother's counsel subsequently filed a list of witnesses and exhibits, and objections to some of the Department's exhibits.

The circuit court called the matter at 10:13 a.m. on Friday, June 28, 2019. Mother's counsel was present, but mother was not. When the circuit court asked counsel about mother's whereabouts and whether he had had contact with her, counsel responded that he had been in contact with her "numerous times." He further stated that they were supposed to meet "on Wednesday," but mother had not appeared for the appointment. According to counsel, "[t]hat's

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

[2] Mother's oldest child lives with her biological father.

the last communication [he had] had with her that was meaningful, setting up that appointment." Counsel further informed the circuit court that he did not know where mother was or if she was coming to the hearing. He explained that "the last orders [he] had were to go forward [with the appeal]," but "[f]inal preparations were never made." Counsel told the court that they "did not actually have a trial [at the JDR court level], because it was too emotionally difficult" for mother. Counsel speculated that mother may have been "having more emotional issues." Counsel concluded, "We're here at the Court's discretion. I'm the only one present on my side."

The circuit court noted that the case was scheduled for 10:00 a.m. and it was 10:15 a.m. and that mother was not present. The circuit court decided to pass the matter by for fifteen minutes to see if mother appeared.

After the recess, the matter was called again at 11:00 a.m., but mother still was not present. The Department moved to dismiss the appeals under Code § 16.1-106.1(D), which provides:

> If a party who has appealed a judgment or order of a district court fails to appear in circuit court either at the time for setting the appeal for trial or on the trial date, the circuit court may, upon the motion of any party, enter an order treating the appeal as withdrawn and disposing of the case in accordance with this section. If no party appears for trial, the court may deem the appeal to be withdrawn without a motion and enter an order disposing of the case in accordance with this section.

Mother's counsel did not offer any arguments or objections to the Department's motion. The circuit court found that "there has been contact from the mom in this case. That would suggest that either she failed to remember, or did not remember this matter this morning, or chose not to be here." The circuit court granted the Department's motion, dismissed the appeals, and remanded the matter to the JDR court. The circuit court entered an order reflecting its ruling.

Mother's counsel endorsed the order as "Seen and Objected to" without further explanation. Mother did not file any post-trial motions, although she did file a *pro se* notice of appeal.[3]

ANALYSIS

Mother argues that the circuit court erred when it dismissed her appeals. She admits that she did not preserve this argument for appeal but asks the Court to apply the ends of justice exception.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Tackett v. Arlington Cty. Dep't of Human Servs., 62 Va. App. 296, 315 (2013) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308 (1998)). "[E]ven due process claims will not be considered for the first time on appeal." Id. at 324 (quoting Stokes v. Commonwealth, 61 Va. App. 388, 396 (2013)). "One of the tenets of Virginia's jurisprudence is that trial counsel must timely object with sufficient specificity to an alleged error at trial to preserve that error for appellate review." Perry v. Commonwealth, 58 Va. App. 655, 666 (2011). "The purpose of Rule 5A:18 is 'to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals.'" Friedman v. Smith, 68 Va. App. 529, 544 (2018) (quoting Andrews v. Commonwealth, 37 Va. App. 479, 493 (2002)).

"The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" Pearce v. Commonwealth, 53 Va. App. 113, 123 (2008) (quoting Bazemore v. Commonwealth,

___

[3] The circuit court subsequently appointed new counsel to represent mother on her appeal.

42 Va. App. 203, 219 (2004) (*en banc*)). "[A]pplication of the ends of justice exception is appropriate when the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights." Rowe v. Commonwealth, 277 Va. 495, 503 (2009) (quoting Charles v. Commonwealth, 270 Va. 14, 17 (2005)).

Appellant argues that her due process rights were violated because the Department did not prove that she received "proper notice of the trial date and time." She contends that the Department had to prove that she was served with notice of the circuit court hearing and that the circuit court erred when it failed to ensure that she was properly served with notice. The "termination of parental rights is a grave, drastic, and irreversible action." Farrell, 59 Va. App. at 400 (quoting Helen W. v. Fairfax Cty. Dep't of Human Dev., 12 Va. App. 877, 883 (1991)). While we acknowledge the Department's argument that the appeal is defaulted pursuant to Rule 5A:18, we hold that the best and narrowest ground for our decision requires addressing the merits. Harvey v. Commonwealth, 65 Va. App. 280, 285 (2015).

Mother was present at the JDR court hearing and instructed her attorney to appeal the JDR court's ruling. Her attorney had been in contact with her "numerous times" and they had scheduled an appointment for "Wednesday," presumably the Wednesday two days before the Friday hearing. However, mother did not appear for the meeting, and counsel stated that his "last communication" with her was to schedule the meeting. Counsel told the circuit court that he did not know where mother was or whether she was coming to the hearing.

The circuit court found that mother had been in contact with her attorney. The circuit court further found that when mother did not appear for the hearing, she either "failed to remember, or did not remember this matter this morning, or chose not to be here." Although the circuit court did not expressly find that mother had actual notice of the hearing, it implicitly found that mother had actual notice of the hearing when it found that mother had been in contact

with her attorney and either did not remember the hearing or chose not to be at the hearing. "We give 'great deference' to the trial court's factual findings and view the facts in the light most favorable to the prevailing party below." Andrews v. Creacey, 56 Va. App. 606, 619 (2010) (quoting Blackson v. Blackson, 40 Va. App. 507, 517 (2003)). "On appeal, we will not reverse findings of fact 'unless plainly wrong.'" Budnick v. Budnick, 42 Va. App. 823, 834 (2004) (quoting Gilman v. Gilman, 32 Va. App. 104, 115 (2000)). During the hearing, mother's counsel did not object to the Department's motion or the circuit court's findings.[4]

On appeal, mother does not allege that she was unaware of the circuit court hearing.[5] Instead, she argues that she had to be served again with the Department's petition to terminate her parental rights when she appealed the matter to the circuit court because it was a *de novo* hearing. Mother cites no authority for her claim that the Department was required to serve her again with papers she already had and to prove service.

"Procedural due process guarantees a litigant the right to reasonable notice and a meaningful opportunity to be heard." Etheridge v. Medical Ctr. Hosps., 237 Va. 87, 97 (1989); see also Zedan v. Westheim, 62 Va. App. 39, 53 (2013). Mother was present at the JDR court hearing when her parental rights were terminated, so she had actual notice of the matter. Mother directed her counsel to appeal the JDR court's ruling, so she knew the matter was pending in the circuit court. Contrary to her arguments, it was not necessary to serve her again with the petition for termination of parental rights simply because the matter was appealed to circuit court. She was aware of the nature of the proceeding since she had participated in the JDR court hearing.

---

[4] Mother's counsel did endorse the final order as "seen and objected to," but provided no further explanation.

[5] Mother states in her brief that she appeared at the circuit court for the hearing at approximately 11:30 a.m. and spoke with personnel in the clerk's office, which suggests that she had notice of the hearing.

Her counsel informed the circuit court that they had scheduled an appointment to prepare for the circuit court hearing; however, mother failed to appear at the meeting and maintain contact with her counsel.  Mother had an opportunity to be heard at 10:00 a.m. on June 28, 2019, but she did not appear for the circuit court hearing.  She did not file any post-trial motions to explain her absence and request a rehearing or any other relief in the circuit court.

Accordingly, we find that the circuit court did not err in dismissing mother's appeals when she failed to appear for the hearing.

### CONCLUSION

For the reasons discussed above, we affirm the circuit court's ruling.

<u>Affirmed.</u>