UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Ortiz, Lorish and Senior Judge Petty
Argued at Lexington, Virginia

DAVID NIELSEN

MEMORANDUM OPINION[*] BY
v.        Record No. 0311-23-2          JUDGE LISA M. LORISH
                                        MAY 14, 2024

TREMBLAY & SMITH, PLLC

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
H. Thomas Padrick, Jr., Judge Designate

Elliott M. Harding (Harding Counsel, PLLC, on briefs), for
appellant.

(Evan D. Mayo; Tremblay & Smith, PLLC, on brief), for appellee.
Appellee submitting on brief.

David Nielsen hired Tremblay & Smith, PLLC ("T&S"), to represent him in custody and

divorce proceedings. After Nielsen stopped paying T&S's invoices, T&S sued him for breach of

their legal services contract. Nielsen argued that T&S breached the agreement first through

deficient performance. The circuit court agreed and found that T&S breached the contract on

October 1, 2020, and that, accordingly, Nielsen was not required to pay attorney fees after that date.

On appeal, Nielsen argues that the circuit court should have found that the breach happened earlier,

in July 2020. Because the circuit court's factual assessment of when the breach occurred is not

plainly wrong, we affirm.

BACKGROUND

Nielsen hired T&S in 2018 to handle his custody and divorce dispute, and their

agreement is memorialized in a contract titled "Engagement Letter and Fee Arrangement"

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

("contract"). Before a July 2020 hearing partially regarding visitation rights, Nielsen gave T&S a copy of a school calendar that detailed his daughter's school schedule along with his work schedule.

Following another hearing on October 1, the court issued a custody ruling from the bench. After reviewing the corresponding draft order prepared by counsel for his ex-wife, Nielsen communicated his frustration with the order's contents to T&S. Nielsen asked an attorney from T&S whether the calendar had been presented to the court, and the attorney told him the calendar "was presented in argument and in the order we proposed." In fact, a physical copy of the calendar was never provided to the court. Nielsen also had other grievances with T&S's performance throughout his representation, including that T&S attorneys other than his preferred attorney and primary point-of-contact did most of the work on his case.

After much back and forth, Nielsen stopped paying T&S's invoices. T&S withdrew its services in March 2021. The total amount of unpaid legal fees and costs from August 2020 through March 2021, according to T&S, was $15,708.19. A few months later, T&S filed a breach-of-contract action seeking to collect this unpaid amount.

In his defense, Nielsen argued, among other things, that T&S violated the Virginia Rules of Professional Conduct ("Model Rules") with respect to diligence (Rule 1.3), communication (Rule 1.4), and candor (Rule 4.1) and that these rules were incorporated into the contract. Nielsen argued that he was not required to make any payments under the contract after T&S's material breach in failing to submit the calendar to the court at the July hearing. He also asserted that T&S could not seek payment under the contract because of its "unclean hands."

After considering all the evidence presented at the trial, the circuit court found that T&S had "apparently breached the rules of professional responsibility in diligence, candor, and communication." The court found that "[t]he key date is October -- is October 1st" and that

Nielsen had to pay attorney fees for services provided up until that date, but not after. The court also held that Nielsen was responsible for all costs T&S incurred until T&S terminated the attorney-client relationship in March 2021. In total, the court found Nielsen owed $9,702.91 with interest.

Nielsen appeals.

## ANALYSIS

Nielsen argues on appeal that the court erred by choosing October 1, 2020, instead of July 2020, as the date when T&S materially breached the contract. T&S contends that it did not breach the contract at all, because Nielsen's argument incorrectly assumes the contract incorporated the Model Rules.

"The interpretation of a contract presents a question of law subject to *de novo* review." *Reston Surgery Ctr. v. City of Alexandria*, 62 Va. App. 549, 559 (2013) (quoting *Orthopaedic and Spine Ctr. v. Muller Martini Mfg. Corp.*, 61 Va. App. 482, 490 (2013)). If such review involves mixed questions of law and fact, "'[w]e give deference to the trial court's factual findings and view the facts in the light most favorable to the prevailing part[y],' but we review the trial court's application of the law to those facts de novo." *Tuttle v. Webb*, 284 Va. 319, 324 (2012) (alterations in original) (quoting *Caplan v. Bogard*, 264 Va. 219, 225 (2002)). "[F]actual findings will not be disturbed on appeal unless they are plainly wrong or without evidence to support them," *Collins v. First Union Nat'l Bank*, 272 Va. 744, 749 (2006), and "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented," *Budnick v. Budnick*, 42 Va. App. 823, 834 (2004) (quoting *Sandoval v. Commonwealth*, 20 Va. App. 133, 138 (1995)).

The circuit court found that T&S breached "the rules of professional responsibility in diligence, candor, and communication" as of October 1, 2020, implicitly agreeing with Nielsen

that these duties from the Model Rules were incorporated into the parties' contract. The actual text of the contract is silent on this point. T&S argues not only that the contract does not include these terms, but also that the preamble to the Model Rules shows that they exist only for the purpose of professional governance and do not create any cause of action. But T&S did not assign cross-error to the circuit court's conclusion that a breach of these Model Rules is a breach of the contract, and we do not consider it in this appeal.

Even assuming that the contract incorporated the Model Rules, however, the question of when T&S breached the Model Rules is a finding of fact that "will not be disturbed on appeal unless [it is] plainly wrong or without evidence to support [it]." *Collins*, 272 Va. at 749.

At trial, Nielsen introduced emails from October 2020 that showed him asking his attorney, "Was the calendar that I gave your office presented to [the Judge]?" And, after Nielsen followed up a second time, noting that he was "[s]till looking for an answer to the calendar question below," the attorney answered that "[i]t was presented in argument and in the order that we proposed." Because the calendar was not physically presented at the July hearing, the circuit court concluded, "Maybe it was a misunderstanding or whatever, but it was clear that the breach, the break, whatever you want to call it, occurred on that date" and that T&S "breached the rules of professional responsibility in diligence, candor, and communication" when the attorney "was less than forthright" in his email response to Nielsen.

Even though Nielsen testified that he supplied the calendar to T&S before the July 2020 hearing and expected it to be provided to the court for consideration at that time, he did not say that he specifically told his attorney to present the calendar then,[1] or that his attorney promised to give the calendar to the court at that time. In fact, Nielsen testified that he felt "aggrieved"

---

[1] Nor is it obvious that an attorney has a contractual duty to comply with every client request.

leading up to October 2020, but that he was "trying to give them the benefit of the doubt, [and] fully intending to pay for these services, until the straw that broke the camel's back with Mr. Taggart lying directly to me in an e-mail . . . ." Nielsen again testified that he had intended to keep paying all invoices "until [the attorney] lied about the services that he performed."

Given this testimony, and without any other evidence presented about T&S's performance in July 2020, we cannot say the circuit court's factual determination that the breach occurred in October 2020, and not earlier, was plainly wrong or without supporting evidence.

Finally, Nielsen argues that the circuit court erred by not concluding that the "unclean hands" doctrine prevented T&S from collecting any payment for legal services rendered from July 2020 through October 1, 2020.[2] "The doctrine of 'unclean hands' is an ancient maxim of equity courts." *Cline v. Berg*, 273 Va. 142, 147 (2007) (quoting *Richards v. Musselman*, 221 Va. 181, 185 (1980)). "Equity will not give relief to one seeking to restrain or enjoin a tortious act where he has himself been guilty of fraud, illegality, tortious conduct or the like in respect of the same matter in litigation." *Richards*, 221 Va. at 185 n.1. Assuming without deciding that the equitable "unclean hands" doctrine could ever provide relief from a contractual obligation to pay for legal services rendered, for the same reasons detailed above, the circuit court did not err in concluding that before October 1, 2020, T&S did not have "unclean hands."

CONCLUSION

For these reasons, we affirm the decision of the circuit court.

*Affirmed*.

---

[2] T&S argues that Nielsen did not preserve this argument for appeal, or appropriately assign error to this issue. We do not address whether Nielsen's arguments are procedurally defaulted because "resolving the merits of the question presented constitutes the narrowest and best ground." *Harvey v. Commonwealth*, 65 Va. App. 280, 285 n.2 (2015) (addressing merits of assignment of error as the "narrowest and best ground" despite the Commonwealth's argument that there was a procedural default).