COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Ortiz, Friedman and White
Argued by videoconference


JOSEPH MICHAEL CHILDRESS

                                                    MEMORANDUM OPINION* BY
v.       Record No. 0992-23-3                       JUDGE FRANK K. FRIEDMAN
                                                    SEPTEMBER 3, 2024
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                            Stacey W. Moreau, Judge

          Joseph A. Sanzone (Sanzone & Baker, L.L.P., on brief), for
          appellant.

          Ryan Beehler, Assistant Attorney General (Jason S. Miyares,
          Attorney General, on brief), for appellee.


       Joseph Childress was convicted of distributing methamphetamine in violation of Code

§ 18.2-248(C)(4).  On appeal, Childress argues Code § 18.2-248(C)(4) violates the Sixth, Eighth,

and Fourteenth Amendments of the United States Constitution and related provisions of the Virginia

Constitution.  Childress also asserts the trial court erred by restricting his expert's testimony at

sentencing.  Finding no reversible error, we affirm.

       I.  BACKGROUND

       Childress sold methamphetamine on three occasions to a confidential informant.  Two of the

drug exchanges were captured on video and admitted into evidence.  The Department of Forensic

Science tested a ziplock bag obtained from Childress and found it contained "26.70 ± 0.05 grams of

material, found to contain Methamphetamine."  Childress was indicted for distributing 10 grams or

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

more of methamphetamine or 20 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of Code § 18.2-248(C)(4).[1]  At a bench trial, the Commonwealth introduced the certificate of analysis, without objection.  The trial court found Childress guilty of violating Code § 18.2-248(C)(4).

One day before sentencing, Childress filed a motion arguing "[a]ny mandatory or enhanced sentence for possession to distribute a controlled substance when the weight of the substance is at issue but the concentration of the substance is unknown, and merely involves a detectable quantity of an illegal substance, is unconstitutional."  Childress further argued that "[a]llowing an indetermina[te] quantity of a controlled substance to quantitatively increase a person's sentence violates their 6th, 8th, and 14th amendment rights under the United States Constitution" because "the actual weight of the illegal substance is capable of being calculated[.]"

At the sentencing hearing, Childress called Richard McGarry, who previously worked for the Commonwealth as a toxicologist, to testify on his behalf.  The court ruled that McGarry qualified as an expert in toxicology but not as to any other area of expertise unless a proper foundation was first laid.  McGarry testified that he had prior experience testing toxic substances generally.  The court ruled that McGarry was not qualified as an expert in forensic science, and thus he could not testify about the certificate of analysis and the testing procedures used to generate it.[2]  The court noted that a forensic scientist conducted the testing in this case and that McGarry was not

---

[1] Childress was convicted of other offenses but, on appeal, only challenges his conviction under Code § 18.2-248(C)(4).

[2] Although prohibited from testifying about the certificate of analysis, Childress proffered what McGarry would have said if permitted.  McGarry stated he had familiarity and experience with various testing methodologies.  McGarry also provided that drug-testing labs did fewer tests nowadays and that the Commonwealth had the ability to test for weight and purity of a substance, despite not doing so here.  McGarry explained that drugs are tested by analyzing a small sample from a larger one.  McGarry stated "to say that merely finding a detectable amount is sufficient proof that the specimen is largely contaminated or one hundred percent an illicit drug is irrational."

a forensic scientist. The court explained that Childress failed to present sufficient evidence that McGarry had experience using the specific testing methodology that was used in this case. The court also noted that McGarry last worked in a lab in 1991. The court also suggested exclusion was warranted because McGarry's testimony was irrelevant at sentencing.[3]

Prior to the court announcing its sentence, Childress made argument on his previously filed written motion that asserted Code § 18.2-248(C)(4) was unconstitutional. The Commonwealth responded that it did not have time to prepare any argument on the merits of the motion because it was filed one day in advance. The Commonwealth also argued the motion was untimely raised, and thus the court should deny it.

The trial court ultimately denied Childress's motion, finding the constitutional challenge not timely raised: "It's really a little late to challenge the constitutionality." The court disputed Childress's characterization of the statute as an unconstitutional "enhancement," stating "[i]t's not an enhancement . . . . It's a[n] actual statute that he was convicted of . . . [under] Code § 18.2-248(C)(4), and so if it had gone to a jury, that would have been one of the elements the Commonwealth would have had to prove at the time of trial[.]" The court further provided that "appellate courts have found minimum mandatory sentences to be constitutional." The court concluded that the statute challenged by Childress was constitutional. The court then sentenced Childress to five years' active incarceration and five years suspended.[4]

---

[3] The trial court stated Childress had "already been found guilty" and "[t]he Court is not going behind the trial. Today is for sentencing." The trial court also explained that "I'm not going behind what has already been submitted into evidence at the trial where he was found guilty[.]"

[4] A conviction under Code § 18.2-248(C)(4) provides a five-year mandatory minimum term of imprisonment.

II. ANALYSIS

1. Constitutional Challenge Waived

"Defense motions or objections seeking . . . dismissal of a warrant, information, or indictment or any count or charge thereof on the ground that a statute upon which it was based is unconstitutional shall be raised by motion or objection." Code § 19.2-266.2; *see also* Rule 3A:9. "Such a motion or objection in a proceeding in circuit court shall be raised in writing, before trial. The motions or objections shall be filed and notice given to opposing counsel not later than seven days before trial in circuit court . . . ." Code § 19.2-266(B). "The circuit court may, however, for good cause shown and in the interest of justice, permit the motions or objections to be raised at a later time." *Id.*

"The plain language of Code § 19.2-266.2 requires defendants—absent good cause—to make motions for dismissal of charges for constitutional . . . violations in writing within the later of seven days before trial or as soon as the grounds for the motion arise prior to trial." *Bass v. Commonwealth*, 70 Va. App. 522, 534 (2019); *see also Upchurch v. Commonwealth*, 31 Va. App. 48, 51 (1999). The requirements of Code § 19.2-266.2 "serve[] legitimate state interests in protecting against surprise, harassment, and undue delay." *Bass*, 70 Va. App. at 534 (quoting *Arrington v. Commonwealth*, 53 Va. App. 635, 640 (2009)). "Generally, if the argument is not presented to the trial court in this manner, then appellant has not preserved it for appeal." *Johnson v. Commonwealth*, 37 Va. App. 634, 644-45 (2002).

"A fundamental and longstanding precept of th[e] doctrine [of judicial restraint] is that 'unnecessary adjudication of a constitutional issue' should be avoided." *Commonwealth v. Swann*, 290 Va. 194, 196 (2015) (quoting *Bell v. Commonwealth*, 264 Va. 172, 203 (2002)). "[I]f a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter." *Taylor v.*

*Commonwealth*, 78 Va. App. 147, 157 (2023) (quoting *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring)).

Childress raised his constitutional challenge one day prior to sentencing and after the trial court already found him guilty of violating Code § 18.2-248(C)(4). At the sentencing hearing, the Commonwealth objected to the timing of the motion, arguing it had insufficient time to respond to the merits of the constitutional issues. The trial court found Childress's motion was late. The trial court did not expressly find that good cause and the interest of justice permitted an untimely constitutional challenge. *See* Code § 19.2-266.2.

On appeal, Childress argues that the challenged statute constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Lockyer v. Andrade*, 538 U.S. 63 (2003). While Childress also raises a due process challenge under the Fourteenth Amendment, he acknowledges that this Court and the United States Supreme Court have "both held that the weight of the carrier medium, when included in the drug weight for conviction or sentencing, does not violate due process and is not unconstitutionally vague." *See Chapman v. United States*, 500 U.S. 453 (1991); *Shackelford v. Commonwealth*, 32 Va. App. 307 (2000). Childress cites *Crane v. Kentucky*, 476 U.S. 683 (1986), as the basis for his Sixth Amendment challenge.[5]

Childress's argument in the trial court and now on appeal centers around the constitutionality of Code § 18.2-248(C)(4). However, we decline to reach the constitutional

---

[5] Childress argues:

> Established methods to define drug weight and produce a fair sentence are Constitutionally required so that a sentence for distribution of a small quantity of a controlled sentence is not peculiarly and illogically applied and is not dwarfed by a mandatory sentence for distribution of that same quantity of drug together with an inert substance.

challenge in this case because Childress has failed to preserve the issue for appeal. *See Swann*, 290 Va. at 196 (applying constitutional-avoidance doctrine).

As an initial matter, Childress was required to comply with the statutory requirements of Code § 19.2-266.2 because he was challenging the constitutionality of a statute. *See Mollenhauer v. Commonwealth*, 73 Va. App. 318, 331 n.5 (2021) (finding Code § 19.2-266.2 "requires a written motion challenging a statute's constitutionality prior to trial or a showing of good cause for failing to comply with its provisions"). Childress failed to comply with the statutory requirements of Code § 19.2-266.2 because he did not file a pretrial motion raising the issue; as a result, this issue is waived unless an exception to the general timing requirement applies.

Code § 19.2-266.2 allows the trial court to consider an untimely motion "for good cause shown and in the interest of justice[.]" Here, we decline to hold that the trial court implicitly found good cause, where the trial court stated the motion was late and made no findings that justified the late filing. Further, the untimely motion, raised one day before sentencing, prejudiced the Commonwealth's ability to challenge the merits of the motion. In the trial court and on appeal, Childress failed to articulate good cause justifying the untimely motion. *See Schmitt v. Commonwealth*, 262 Va. 127, 146 (2001) (holding constitutional challenge waived because appellant did not comply with requirements of Code § 19.2-266.2 and failed to allege any good cause); *see also Mollenhauer v. Commonwealth*, No. 0826-20-2, slip op. at 8 n.5 (Va. Ct. App. July 6, 2021) ("Generally, where a defendant does not allege that good cause excused his failure, he waives the right to make a late motion."). [6]

We conclude the record does not provide any articulated finding of good cause justifying the late motion. *See Mollenhauer*, No. 0826-20-2, slip op. at 8-9 (finding good cause may be established where a change in the law occurs or trial testimony constitutes surprise but mere

---

[6] *See* Rule 5A:1(f) (providing unpublished opinions may be cited as informative).

- 6 -

inadvertence or lack of diligence does not establish good cause).  For the foregoing reasons, we determine that Childress failed to preserve his constitutional challenge by not complying with Code § 19.2-266.2.  *See Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) (providing the doctrine of judicial restraint dictates we decide cases on the best and narrowest grounds).

### 2. Any Error at Sentencing was Harmless

Circuit court judges wield substantial discretion in admitting evidence and "can be expected to exercise that discretion to exclude evidence that does not aid the court in the sentencing phase." *Harvey v. Commonwealth*, 65 Va. App. 280, 287 (2015).  "Such weighing is left to the discretion of the trial court and will not be disturbed on appeal, absent an abuse of discretion." *Teleguz v. Commonwealth*, 273 Va. 458, 482 (2007).  "[T]he circumstances of the individual case will dictate what evidence will be necessary and relevant, and from what sources it may be drawn." *Beck v. Commonwealth*, 253 Va. 373, 384 (1997).

On appeal, Childress argues the trial court abused its discretion by preventing McGarry from testifying about the testing methodology used in this case.  Childress argues that "McGarry was not allowed to testify that the actual weight of the controlled substance relied upon to convict the appellant of distribution of a controlled substance with a detectable amount of methamphetamine could be determined [and thus] he could not present a complete defense[.]"

Trial courts are vested with broad discretion in evidentiary matters at sentencing.  *See Harvey*, 65 Va. App. at 286-87.  At the same time, we decide cases on the best and narrowest grounds.  *See Butcher*, 298 Va. at 396.  With those principles in mind, we have no problem concluding that no reversible error occurred here.  We need not reach the merits of Childress's claim because even if he could establish error, it would not be grounds for reversal on this record.[7]

---

[7] Harmless error review is required in all cases.  *See* Code § 8.01-678; *Swann*, 290 Va. at 200.  "A non-constitutional error is harmless when it 'plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice

Therefore, assuming without deciding that the trial court erred by preventing McGarry from testifying about the certificate of analysis, any such error must be deemed harmless.[8] *See* Code § 8.01-678. The crux of McGarry's excluded testimony was that the Commonwealth was capable of more precise testing that could determine the weight of the methamphetamine in the mixture. This testimony is largely irrelevant because the statutory scheme established by the legislature does not require the Commonwealth to do more precise testing. Further, McGarry's testimony that the Commonwealth could do more precise testing begs the question why, at the sentencing phase, is that even relevant?

By the time of sentencing, Childress had already been found guilty of violating Code § 18.2-248(C)(4). Childress does not dispute the evidence supporting his conviction, where he sold a bag that contained more than 20 grams of a methamphetamine mixture to a confidential informant. Because it "plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached[,]" any error in restricting McGarry's testimony at sentencing constitutes harmless error. Code § 8.01-678.

_____

has been reached.'" *Anderson v. Commonwealth*, 282 Va. 457, 466 (2011) (quoting *Rose v. Commonwealth*, 270 Va. 3, 11-12 (2005)). "If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and judgment should stand." *Id.* at 467 (quoting *Rose*, 270 Va. at 12). "Constitutional error, like other types of error, remains subject to analysis under the doctrine of harmless error." *Commonwealth v. White*, 293 Va. 411, 420 (2017) (quoting *Foltz v. Commonwealth*, 284 Va. 467, 472 (2012)). "When a federal constitutional error is involved, a reviewing court must reverse the judgment unless it determines that the error is harmless beyond a reasonable doubt." *Clay v. Commonwealth*, 262 Va. 253, 259 (2001); *see also Crawford v. Commonwealth*, 281 Va. 84, 101 (2011).

[8] Typically, non-constitutional harmless error review would apply here because the trial court exercised discretion in excluding evidence at sentencing on the ground it was irrelevant; however, in this case, Childress argues the trial court excluded evidence that raised a constitutional challenge. For this reason, we assume without deciding that the constitutional harmless error standard applies.

III. CONCLUSION

We hold that Childress failed to preserve his assignment of error that Code § 18.2-248(C)(4) is unconstitutional because it was raised for the first time post-conviction and the trial court did not find good cause justifying Childress's noncompliance with Code § 19.2-266.2. We also hold that any error in restricting McGarry's testimony at sentencing was harmless. For these reasons, we affirm Childress's conviction.

*Affirmed.*